IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-472-MJR |
| | ) |
| KEN BARTLEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate at the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009).

**THE COMPLAINT**

Liberally construing the complaint and attached exhibits, it appears that on April 23, 2006, Plaintiff slipped and fell on a wet floor in the Dietary Unit at PCC. Plaintiff was taken to the Health Unit and, after one-half hour, he was told to walk back to his housing unit. Plaintiff contends that during this time he could not feel his back and he believed that there was something wrong with him. The next morning, Plaintiff says his chest felt hot and he was short of breath and had back pain. Plaintiff was told to fill out a request for sick call. The following day, Plaintiff told two guards (not defendants in this action) that he was having a heart problem, but no action was taken.

For reasons not clear from the complaint, it appears that on or about May 9, 2006, Plaintiff was admitted to PCC's infirmary. He has monitored in the infirmary for a period of 23 hours and released on orders from the prison's doctors. Immediately upon his release from the infirmary, Plaintiff was placed on administrative segregation on "investigative status."

On October 14, 2006, Plaintiff passed out on the floor of his cell. Although, several other inmates hit the "emergency button" in response to Plaintiff's condition, Plaintiff contends that Defendant Bernhard didn't respond to the "emergency button" for one-half hour because he was playing cards. When he did finally respond, Defendant Bernhard called PCC's health unit and Plaintiff was taken to the Pinckneyville hospital. Plaintiff states after two hours at the hospital, he was returned to the prison. Plaintiff was informed that Dr. Feinerman (not a defendant in this action) had concluded that Plaintiff suffered a seizure and, therefore, ordered Plaintiff be given Dilantin. Plaintiff complains, though, that the Dialantin gives him a stomach ache, headache, and makes him

sleepy. In addition to the medication, Dr. Mathis ordered that Plaintiff be placed in a low bunk in a low gallery due to "seizure disorder."

Plaintiff filed grievances concerning Defendant Bernhard's inaction and his confinement on administrative segregation. These grievances were reviewed and denied by Defendants Kisro, Maue, Brown, Walker, Bartley, Heck, and Ford. Plaintiff claims that the denial of his grievances was "retaliatory" and that they failed to correct the actions of other prison staff.

On November 23, 2006, Plaintiff fell again and was taken to the Pinckneyville hospital. On January 1, 2007, Defendant Larson wrote Plaintiff a prescription for "Phentoin Sod Ex" - which Plaintiff's exhibit describes as a generic form of Dilantin.

The crux of Plaintiff's complaint is stated in a grievance he has attached to the complaint. Plaintiff writes: "I feel that if the reasons for my illness is not found out and I am forced to take the seizure medication which is not helping and only making me feel worse I will be seriously and permanently hurt or worse." Plafts Exh. Doc. 2-2, page 18 (grievance dated 12/6/06).

**DISCUSSION**

**A. Medical claims.**

Deliberate indifference to serious the medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). Deliberate indifference encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). Furthermore, mere disagreement with a physician's chosen course of an inmate's

4

medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

The allegations in Plaintiff's complaint fail to indicate that the defendants were deliberately indifferent to Plaintiff's medical condition. According to the complaint, Plaintiff was transported to the prison's Health Unit on April 23 (following his fall), on or about May 9 (for unspecified problems), and on October 14 (after he passed out). Additionally, Plaintiff was taken to the hospital on October 14 and on November 23. Plaintiff's medical condition has been diagnosed as a "seizure disorder" and he has been prescribed medication (Dilantin) for that condition. Although Defendant Bernard failed to quickly respond to Plaintiff's "emergency call" on October 14, there is no indication that the delay resulted in any harm or pain to Plaintiff. To be sure, Plaintiff disagrees with the diagnoses of his condition and the treatment for it, but - as noted above - mere disagreement does not amount to deliberate indifference under the Eighth Amendment.

**B. Grievances.**

Plaintiff seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done,

> more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595.

In the case at hand, Dr. Mathis, Dr. Larson, and Dr. Feinerman (again, not a defendant in this action) concluded that Plaintiff suffered from "seizure disorder" - a condition for which they prescribed Dilantin. Defendants Walker, Bartley, Heck, Maue, Brown, Kisro, and Ford are entitled to rely on the medical expertise of prison doctors. With respect to Plaintiff's grievance concerning Defendant Bernhard, their after-the-fact knowledge of his inaction on October 14, does not make them liable for that inaction. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right); *see also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Although Plaintiff contends that the denial of his grievances were "retaliatory," he has not identified any constitutionally protected activity for which he is being retaliated against. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 14th day of July, 2009.**

    **s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**